IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CT-3015-FL

| | |
|---|---|
| EMMETT MADISON GRAHAM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN PATRICIA R. ) | |
| STANSBERRY, et al., ) | |
| ) | |
| Defendants. ) | |

This matter came before the court on the motion to dismiss or in the alternative for summary judgment (DE # 35) pursuant to Federal Rule of Civil Procedure 56(c),[1] and the motion to stay discovery (DE # 39) of defendants Hospital Administrator Jacobs (hereinafter "defendant Jacobs"), Dr. Siha (hereinafter "defendant Siha"), Dr. Owens (hereinafter "defendant Owens"), C.A. Shields (hereinafter "defendant Shields"), and Rick Arrington (hereinafter "defendant Arrington"). Also before the court are the motions to amend (DE #s 33 and 47), motion for judgment as a matter of law (DE # 44), motion to correct deduction (DE # 53), motion for reconsideration (DE # 54), motion for writ of injunction (DE # 55), motion for transfer (DE # 56), motion to compel (DE # 57), motion for ex parte relief (DE # 58), and a motion captioned "omnibus motion"[2] (DE # 61) filed by plaintiff

---

[1] Because the parties attached matters which are outside of the pleadings, defendants' motion to dismiss will be construed as a motion for summary judgment.

[2] Plaintiff's omnibus motion will be construed as a motion in opposition to defendants' motion for summary judgment. Accordingly, this motion is DENIED as moot.

Emmett Madison Graham Jr. (hereinafter "plaintiff"). These matters are ripe for adjudication. For the following reasons, the court rules upon the matters as follows.

## STATEMENT OF THE CASE

On January 25, 2007, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff originally brought this action against Warden Patricia R. Stansberry (hereinafter "defendant Stansberry"). The court conducted a frivolity review of plaintiff's complaint on March 12, 2007, and found that he failed to provide any factual support for his claim. Accordingly, the court allowed plaintiff to particularize his complaint.

Plaintiff complied with the court's order to particularize. In his particularized complaint, plaintiff alleged, *inter alia*, that defendants Harley Lappin (hereinafter "defendant Lappin"), Stansberry, Jacobs, Siha, Owens, Shields, Arrington, and D.E. Denson (hereinafter "defendant Denson") were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. On April 20, 2007, the court conducted a frivolity review of plaintiff's amended complaint and allowed his claim to proceed.

On May 7, 2007, plaintiff filed a motion to amend his complaint. In his amended complaint, plaintiff made additional allegations in support of his Eighth Amendment claim for deliberate indifference to his serious medical needs. Specifically, plaintiff alleged that he was denied access to the courts. On July 2, 2007, the court granted plaintiff's May 7, 2007 motion to amend. The next day, defendants Stansberry, Lappin, Jacobs, Siha, Owens, Shields, Arrington, and Denson filed a motion to revoke plaintiff's *in forma pauperis* (hereinafter "IFP") status. Defendants filed their motion pursuant to 28 U.S.C. § 1915(g) on the basis that plaintiff had filed three previous actions that had been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may

2

be granted. On July 13, 2007, defendants filed a motion to stay their time to respond to plaintiff's complaint until after the court ruled on their motion to revoke plaintiff's IFP status. Plaintiff then filed a response to defendants' motion to revoke his IFP status and filed a motion for entry of default. Defendants filed a reply to their motion to revoke plaintiff's IFP status. On August 6, 2007, plaintiff filed a response to defendants' motion to stay their response time, and thereafter filed a second response to defendants' motion to revoke plaintiff's IFP status. Finally, plaintiff filed a third motion to amend his complaint on September 28, 2007.

On October 2, 2007, the court denied defendants' motion to revoke plaintiff's IFP status. The court also granted defendants' motion to stay their time to respond to plaintiff's complaint until after the court ruled on its motion to revoke plaintiff's IFP status. The court ordered that defendants' responsive pleading was due within fifteen (15) days of the court's order.

Also in the October 2, 2007 order, the court conducted a supplemental frivolity review of plaintiff's March 28, 2007 particularized complaint.[3] The court allowed plaintiff to proceed on his claim that defendants Siha, Owens, Jacobs, Shields, and Arrington were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. The court, however, dismissed as frivolous plaintiff's Eighth Amendment deliberate indifference claim against defendants Lappin, Stansberry, and Jacobs. The court also dismissed as frivolous plaintiff's claim that defendants Stansberry, Shields, and Arrington denied him administrative remedies. The court dismissed as frivolous the following conclusory allegations: (1) defendant Stansberry denied him access to the

---

[3] Although the court previously conducted a frivolity review of plaintiff's particularized complaint, a court may supplement its frivolity reviews pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court notes that its October 2, 2007 frivolity review did not address plaintiff's September 28, 2007 amended complaint.

3

court, law library, and copies; (2) defendant Stansberry and others conspired to cause him harm in retaliation for his filing administrative remedies and letters to various government officials; (3) defendants Shields and Arrington retaliated and discriminated against him; (4) defendants Shields and Arrington confiscated his property; (5) defendant Denson placed him in segregation; (6) defendant Denson "fil[ed] dishonsed [sic] inciden [sic] reports, mail fraud, stenling [sic] plaintiff property legal documents, that plaintiff had for year's [sic] threatening plaintiff with law suits [sic]." Finally, the court dismissed plaintiff's random allegations set forth in a document entitled "Affidavit of Emmett M. Graham Jr." (Pl.'s March 28, 2007 Am. Compl. pp. 6-8.)

On October 15, 2007, defendants Jacobs, Siha, Owens, Shields, and Arrington filed a motion for summary judgment. Defendants Jacobs, Owens, Shields, and Arrington argued that plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies as to all claims against them. Defendant Siha argued that plaintiff failed to exhaust his administrative remedies as to some of plaintiff's claims against him. As for the remaining claims against defendant Siha, plaintiff argued that they should be dismissed for failure to state a claim upon which relief may be granted. Alternatively, defendant Siha argued that he is entitled to qualified immunity.

On October 29, 2007, defendants Jacobs, Siha, Owens, Shields, and Arrington filed a motion to stay discovery. Plaintiff filed a response to defendants' motion for summary judgment on November 13, 2007. On November 21, 2007, defendants filed a reply to plaintiff's response. Plaintiff then filed a response to defendants' motion to stay discovery along with a motion for judgment as a matter of law. On January 11, 2008, defendants filed a response to plaintiff's motion for judgment as a matter of law.

4

On February 14, 2008, plaintiff filed another motion to amend his complaint and a reply to defendants' response to his motion for judgment as a matter of law. Defendants then filed a response to plaintiff's February 14, 2008 motion to amend. Plaintiff filed a reply brief on March 14, 2008.

On March 14, 2008, the court entered an order denying plaintiff's July 30, 2007 motion for entry of default. Plaintiff thereafter filed a motion to correct deduction, motion for reconsideration, motion for writ of injunction, motion for a transfer, motion to compel, motion for ex parte relief, and a motion captioned "omnibus motion."

## STATEMENT OF THE FACTS

The undisputed facts are as follows. At the time plaintiff filed this action he was an inmate at the Federal Medical Center in Butner, North Carolina (hereinafter "Butner"). Plaintiff was housed at Butner from August 24, 2005 through January 25, 2007. (Defs.' Mem. Cox Aff. ¶ 4.) Plaintiff alleges that he met with defendant Siha when he arrived at Butner. He claims that defendant Siha took plaintiff off all of his medications, which resulted in chest pain, dizziness, fainting spells, the inability to get out of bed, and cold sweats. Plaintiff also claims that defendant Siha confiscated his eyeglasses for eight months and that he refused to monitor his heart. Plaintiff claims defendant Siha refused to order medical staff to provide plaintiff with a colonoscopy, foot x-ray, and cat scans for his upper and lower back. Finally, plaintiff alleges that defendant Siha confiscated his back brace and refused to return it.

Plaintiff makes similar allegations against defendant Jacobs. In particular, plaintiff alleges that defendant Jacobs conspired with defendant Siha to deny him medical care by denying his request to see a neurosurgeon and by denying him a back brace, tens unit, and pill holder. As for defendant Owens, plaintiff alleges that defendant Owens prescribed him Mirtazapine, which caused him

5

dizziness, panic attacks, anxiety, difficulty sleeping, irritability, hostility, severe restlessness, and feelings of depression.

Plaintiff contends that Defendants Shields and Arrington forced him to work at jobs that were beyond his medical restrictions for his heart and back condition. Finally, plaintiff contends that defendant Denson placed him in the hole for filing dishonest incident reports.

## DISCUSSION

I. Motions to Amend

Plaintiff filed a motion to amend his complaint on September 28, 2007. Plaintiff's motion seeks to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d). Rule 15(d) allows a party to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Supplemental pleadings facilitate complete adjudication of issues within a single action, and they generally should be allowed unless there is a particular reason for disallowing them. See New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963). A supplemental pleading may state a new cause of action so long as the matters have some relation to the claim set forth in the original pleading. Rowe v. United States Fidelity and Guaranty Co., 421 F.2d 937, 943 (4th Cir. 1970). In considering whether to allow a supplemental pleading, a court should consider whether the pleading introduces a "separate, distinct, and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citations and internal quotations omitted); Rowe, 421 F.2d at 943. The decision to grant or deny leave to file a supplemental pleading is within the sound discretion of the district court. See Fed.R.Civ.P. 15(d); United States v. Sherwood Distilling Co., 235 F. Supp. 776, 782 (D.Md. 1964) (aff'd per curiam, 344 F.2d 964 (4th Cir. 1965)).

6

Plaintiff seeks to supplement his complaint to include new claims against additional defendants who are employees at the United States Penitentiary in Terre Haute (hereinafter "Terre Haute"), Indiana, and the Federal Medical Center Devens (hereinafter "Devens"), which are the corrections facilities to which plaintiff was transferred subsequent to his incarceration at Butner. Plaintiff's original action involves allegations of deliberate indifference to his serious medical needs while he was incarcerated at Butner. There does not appear to be any relationship between plaintiff's Eighth Amendment deliberate indifference claim against the instant Butner defendants and his allegations against the Terre Haute and Devens defendants.[4]

Plaintiff also seeks to supplement his complaint against several defendants at Butner, to include allegations of race discrimination, inadequate housing, custody classification, handicap discrimination, and denial of exercise. With the exception of plaintiff's supplemental claims against defendants D. Mishler P.A. (hereinafter "defendant Mishler") and K. Kilpatrick, M.D. (hereinafter "defendant Kilpatrick"), all of plaintiff's supplemental claims against the Butner defendants are unrelated to the instant action.

Allowing plaintiff the opportunity to supplement his complaint to include the new claims would unnecessarily complicate the matter and cause defendants undue prejudice. The court notes that plaintiff may file his supplemental claims in a separate action. See Al-Raid v. Inele, 69 F.3d 28, 33 (5th Cir. 1995) (upholding denial of motions to supplement which stated "additional causes of action against additional defendants" where district court noted plaintiff could re-file complaints as

---

[4] Plaintiff's May 7, 2007 amended complaint also alleges claims against Terre Haute defendants. As discussed infra., the court has asked that plaintiff demonstrate that he exhausted his administrative remedies with regard to his claims against these defendants. Should plaintiff demonstrate that he properly exhausted his claims against the Terre Haute defendants as set forth in his May 7, 2007, the court will allow plaintiff the opportunity to supplement his complaint against the Terre Haute defendants to include any claim that has been dismissed with the court's denial of the instant motion to supplement.

7

new actions). Therefore, plaintiff's motion to supplement pursuant to Rule 15(d) is DENIED as to the unrelated claims or allegations in his September 28, 2007 amended complaint.

The court now turns to plaintiff's remaining supplemental claims against defendants Mishler and Kilpatrick. The court finds that plaintiff's claims against these defendants are sufficiently related to the instant action. Therefore, plaintiff's motion to supplement pursuant to Rule 15(d) is GRANTED as to defendants Mishler and Kilpatrick.

Plaintiff also filed an amended complaint on February 14, 2008 pursuant to Rule 15(a). Plaintiff seeks to amend his complaint to include claims pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2672, *et seq.*, and to include the United States as a party. A party may amend his pleading once as a matter of right, prior to the filing of a responsive pleading. Otherwise, a party may amend the party's pleading only by leave of court and leave shall be given when justice so requires. Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' " Foman v. Davis, 371 U.S. 178, 182 (1962); see Fed.R.Civ.P. 15(a).

In this case, allowing the motion to amend would be futile because plaintiff has not alleged facts sufficient to state a claim under the FTCA. Amendment may be futile where a complaint makes "bare bones" allegations of a claim. See Jadali v. Alamance Regional Medical Center, 225 F.R.D. 181, 185 (M.D.N.C. 2004), aff'd by 167 Fed. Appx. 961 (4th Cir. 2006). The primary allegation in plaintiff's motion to amend states as follows: "Plaintiff moves that the United States of America be added as Defendants/Respondent, and these exhibits and tort claims be added to this

8

case . . . ." This allegation is bare bones and lacks factual support. Because plaintiff's amended complaint lacks sufficient factual support to state a claim under the FTCA, his second motion to amend is DENIED as futile.

II. Discovery-Related Motions

Plaintiff filed a motion to compel and a motion for ex parte relief in which he requests that this court compel defendants to respond to his interrogatories. Defendants Jacobs, Siha, Owens, Shields, and Arrington filed a motion to stay discovery.

Defendants' motion for summary judgment raises the defense of qualified immunity. "Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001). Moreover, the defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Id. (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); Lescs v. Martinsburg Police Dep't, 2005 WL 1607771, 138 Fed. Appx. 562, 564 (4th Cir. 2005) (unreported) (finding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery).

Because defendants' raise the defense of qualified immunity, they are entitled to resolution of the issue prior to being subject to the burdens of litigation, including discovery. Therefore, plaintiff's motion to compel and motion for ex parte relief are held in abeyance until the court resolves the issue of qualified immunity, and defendants' motions to stay discovery is GRANTED.

9

III. Motion to Transfer

Plaintiff requests that this court grant him a transfer from Devens in Ayer, Massachusetts, to a facility near his home in Wilmington, North Carolina. An inmate has no constitutional right to choose his place of incarceration. See Meachum v. Fanno, 427 U.S. 215, 225 (1976); Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (D.S.C. 2006) (citing Ajaj v. Smith, 108 Fed. Appx 743, 744 (4th Cir. 2004) (unpublished)). Additionally, the North Carolina Department of Correction has the discretion to designate an inmate's place of incarceration. See Johnson, 456 F. Supp. 2d at 696. For these reasons, plaintiff's motion for transfer is DENIED.

IV. Motion for Injunctive Relief

Plaintiff seeks a preliminary injunction ordering defendants to have his heart examined by a court-appointed heart specialist and to monitor his pacemaker. When deciding whether to grant a motion for a preliminary injunction, the court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; (2) the likelihood of harm to the defendant if the relief is granted; (3) the likelihood that plaintiff will succeed on the merits; and (4) the public interest. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193 (4th Cir. 1977). To obtain relief, a plaintiff must show a real and immediate threat of irreparable harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Plaintiff has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motion for injunctive relief is DENIED.

V. Motion to Correct Deduction

Plaintiff contends that the incorrect amount has been deducted from his inmate trust fund account. The court has reviewed plaintiff's account records and notes that he paid twenty-four

10

dollars ($24.00) in excess of the required three hundred fifty dollar ($350.00) filing fee. On March 10, 2008, the overpayment was refunded.[5] Accordingly, plaintiff's motion to correct deduction is DENIED as moot.

VI.    Motion for Reconsideration

Plaintiff requests that this court reconsider its October 2, 2007 order dismissing his claim against defendants Stansberry and Denton as frivolous. Plaintiff states that he now has access to new information that was not available to him at the time he filed his complaint. Upon a review of plaintiff's motion for reconsideration, the court finds that plaintiff has presented adequate factual support to state Bivens claims against defendants Stansberry and Denton. Accordingly, plaintiff's motion for reconsideration is granted. The Clerk of Court is DIRECTED to maintain management of the amended claims against defendants Stansberry and Denton as set forth in plaintiff's April 9, 2008 motion for reconsideration.

The court notes that plaintiff's motion for reconsideration also seeks to include claims pursuant to the FTCA. As previously stated, plaintiff has not properly alleged a claim under the FTCA. Plaintiff's motion for reconsideration also does not properly allege a claim under the FTCA because plaintiff has not named the United States as a party and because plaintiff has not made clear which claim he seeks to pursue under the FTCA. Accordingly, to the extent plaintiff seeks to amend his claim under the FTCA, that motion is DENIED.

---

[5] Court records indicate that Jacqueline B. Reaves submitted a check for two hundred seventy-six dollars and eighty-three cents ($276.83) on behalf of plaintiff toward the payment of his filing fee. Ms Reaves' check resulted in a twenty four dollar ($24.00) overpayment of plaintiff's filing fee. The court refunded the amount of the overpayment to Ms. Reaves. A copy of the check refunding the amount of the overpayment to Jacqueline B. Reaves is attached to this order.

11

VII.    Motion for Summary Judgment

A.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.    Analysis

1.    Exhaustion of Administrative Remedies

Defendants Jacobs, Owens, Shields, Siha, and Arrington raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 127 S. Ct. 910, 921 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). Exhaustion is mandatory. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now

12

mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 919.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he may then appeal to the BOP's Regional Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

In this case, plaintiff filed three grievances related to the allegations in his complaint (Case Numbers 399191-F1, 423358-F1, and 416496-R1). (See Defs.' Mem. Ex. 1, attachs. 1 and 2 and Pet's Resp. in Opp. (DE # 40), attach.) Plaintiff's grievances do not involve his claims against defendants Jacobs, Owens, Shields or Arrington. Therefore, plaintiff failed to exhaust his administrative remedies against these defendants.

As a defense to failing to meet section 1997e(a)'s exhaustion requirement, plaintiff argues that there is no need to exhaust administrative remedies for a Bivens claim. Plaintiff cites the United States Supreme Court's decision in McCarthy v. Madigan, 503 U.S. 140 (1992), in support of his argument. The Court's decision in McCarthy, however, was supplanted by the enactment of the PLRA. See Woodford, 548 U.S. at 84. The PLRA made exhaustion mandatory for any suit challenging prison conditions. Id. at 84-85. Accordingly, plaintiff was required to exhaust his administrative remedies prior to filing this action.

13

Plaintiff also argues that he was not required to exhaust his claim that defendants Shields and Arrington forced him to work at institutional jobs which were beyond his medical restrictions. In particular, plaintiff contends that he filed this claim under the FTCA which does not require the exhaustion of administrative remedies. Plaintiff is incorrect in his assertion that the FTCA does not have an exhaustion requirement. The FTCA provides that persons bringing suit pursuant to the FTCA must first present his claim to the appropriate federal agency, and the claim must be finally denied by that agency prior to filing suit. 28 U.S.C. § 2675. Therefore, the FTCA does require exhaustion of administrative remedies.

Moreover, plaintiff has not brought a proper claim pursuant to the FTCA. Plaintiff has not alleged that he is bringing this action pursuant to the FTCA. Even if plaintiff had alleged a claim pursuant to the FTCA, he would be unable to proceed on that claim because he has not named the proper party. The proper party for a suit brought under the FTCA is the United States of America. 28 U.S.C. §§ 1346(b), 2674, 2679. The United States of America is not a party to this action. Therefore, it is clear that plaintiff's claim against defendants Shields and Arrington in this action is pursuant to Bivens. It is also clear that plaintiff failed to exhaust his administrative remedies with respect to this claim. Therefore, plaintiff's argument is without merit, and plaintiff has not alleged a proper defense to the PLRA's exhaustion requirement. Because plaintiff has not alleged a valid defense to the PLRA's exhaustion requirement, plaintiff's claims against defendants Jacobs, Owens, Shields, and Arrington are dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies.

As for plaintiff's claims against defendant Siha, plaintiff has exhausted his administrative remedies for his claims that defendant Siha failed to treat his back pain with medication and that

14

defendant Siha failed to provide him with his prescription eyeglasses.[6] Because plaintiff exhausted these grievances against defendant Siha, the court will address the merits of these claims below. Regarding plaintiff's remaining claims against defendant Siha, plaintiff has failed to exhaust his administrative remedies. Accordingly, plaintiff's unexhausted claims against defendant Siha are dismissed without prejudice to allow him to exhaust his administrative remedies.

## 2. Plaintiff's Claims against Defendant Siha

Defendant Siha asserts the defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from personal liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which [a] reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); DiMeglio v. Haines, 45 F.3d 790, 794 (4th Cir. 1995). This immunity "protects law enforcement officials from 'bad guesses in gray areas' and ensures that they are liable only 'for transgressing bright lines.' " Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998) (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992)). Immunity applies to "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Government officials performing a discretionary function are immune from civil damages unless: (i) the official's conduct violates a federal statutory or constitutional right; (ii) the right was clearly established at the time of the

---

[6] In a grievance dated July 12, 2006, plaintiff complained that there was a delay in medical staff providing him his heart medication. (See Pet's Resp. in Opp. (DE # 40), attach.) However, he has not made any allegations in his complaint regarding an alleged delay in receiving his heart medication. Even if plaintiff had alleged a claim based upon the alleged delay in receiving heart medication, his claim would be without merit because delay in medical care, with no resulting injury, does not violate the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380–81 (4th Cir. 1993); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993) ("delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm"). Plaintiff has alleged no injury as a result of the alleged delay in receiving his heart medication. Therefore, plaintiff did not state an Eighth Amendment claim.

15

Case 5:07-ct-03015-FL  Document 62  Filed 08/20/08  Page 15 of 22

conduct; and (iii) an objectively reasonable officer would have understood that the conduct violated that right. Milstead v. Kibler, 243 F.3d 157, 161 (4th Cir. 1991) (citing Wilson v. Layne, 526 U.S. 603, 614-15 (1999)).

In analyzing qualified immunity, the first step is to determine whether the defendant violated a federal statutory or constitutional right. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

Plaintiff alleges that defendant Siha violated his Eighth Amendment rights when defendant Siha took him off the pain medication he was prescribed to control his back pain. Assuming without deciding that plaintiff is able to satisfy the objective prong of the Eighth Amendment test, his claim still fails because he is not able to establish the second prong–that defendant Siha acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Allegations of negligence are not sufficient to state a deliberate indifference claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998); Sosebee v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285, 1286 (4th Cir. 1977).

16

Plaintiff admits in his grievance dated January 21, 2006, that he was prescribed "several different kinds of medication" to control his back pain. (See Defs.' Mem. Ex. 1, attach. 1.) Plaintiff, however, complains that he preferred a different medication. Plaintiff also admits in his grievance dated November 18, 2005, that he was prescribed Tylenol 3 to treat his pain. (Id.) From these allegations it is apparent that plaintiff's complaint is not with the availability of treatment, but with the medical staff's prescribed treatment. This is not sufficient to state an Eighth Amendment deliberate indifference claim. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975) (per curiam) (holding that a prisoner is not entitled to choose his course of treatment). Because plaintiff has not demonstrated that defendant Siha's treatment of his back pain violated his constitutional rights, he is entitled to qualified immunity for this claim.

Plaintiff also alleges that defendant Siha confiscated his eye glasses. The court will begin with the objective prong of the Strickler test. To satisfy the objective prong of the Strickler test, a plaintiff must demonstrate "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler, 989 F.2d at 1381. In his complaint, plaintiff alleges that defendant Siha denied him eyeglass for eight months. (Am. Compl. Mar. 28, 2007 (DE # 8) p. 5.) Plaintiff has not stated that he suffered any serious injury as a result of defendant Siha's alleged conduct. Therefore, he is unable to satisfy the objective prong of the Strickler test.

Even if plaintiff was able to satisfy the objective prong of the Strickler test for his claim regarding his eyeglasses, it still fails because he is not able to establish that defendant Siha acted with deliberate indifference. In particular, plaintiff has not provided any factual support for his claim that defendant Siha denied him eyeglasses. In particular, plaintiff fails to allege that defendant Siha had

17

any responsibility for procuring or replacing plaintiff's eyeglasses.[7] Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff's complaint does not satisfy this minimum level.

The court also notes that plaintiff was on the waiting list to see the Optometrist at the time he filed his grievance regarding his lost eyeglasses. (See Defs.' Mem. Ex. 1, attach. 2.) Accordingly, there is evidence that the prison staff had taken steps to address the issue of plaintiff's lost eyeglasses. These facts do not support the conclusion that defendant Siha acted with deliberate indifference, and plaintiff has not presented any evidence to the contrary. Therefore, plaintiff has not established that defendant Siha violated his Eighth Amendment rights, and is entitled to qualified immunity.

VIII.    Frivolity Review

The additional facts provided in defendants' motion for summary judgment clarify the facts surrounding the claims plaintiff asserted in his May 7, 2007 amended complaint. The court now finds it necessary to conduct a review pursuant to 28 U.S.C. § 1915(e)(2)(B) of plaintiff's amended claims. The PLRA directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[7] The court notes that plaintiff's grievance August 4, 2006 grievance refutes his contention that defendant Siha confiscated his eye glasses because the grievance does not allege that defendant Siha confiscated his eyeglasses. (See Defs.' Mem. Ex. 1, attach. 2.) Instead, it states that prison staff lost his eyeglasses. (Id.)

18

As stated, the PLRA requires a prisoner to exhaust his administrative remedies before filing an action under section 1983 concerning his confinement. See 42 U.S.C. § 1997e(a); Woodford, 548 U.S. at 85. Although exhaustion is an affirmative defense that a defendant must properly raise and prove, a court still may dismiss a complaint *sua sponte* for failure to exhaust administrative remedies. Anderson, 407 F.3d at 681–82. Where a court raises the exhaustion defense *sua sponte*, it must provide the plaintiff with an opportunity to respond and come forward with any facts not found in the pleadings that might show that the plaintiff has exhausted his administrative remedies. See Moore v. Bennette, 517 F.3d 717, 725–26 (4th Cir. 2008) ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue."); Anderson, 407 F.3d at 682 ("Except in the rare case where failure to exhaust is apparent from the face of the complaint . . . , a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.").

The claims plaintiff asserted in his May 7, 2007 amended complaint are against defendants located at Terre Haute. Plaintiff was transferred to Terre Haute the same date he filed this action. It is unclear from the amended complaint whether plaintiff exhausted the administrative remedies for these claims. Therefore, in accordance with Anderson, plaintiff is given fifteen (15) days to respond to this order and state whether he exhausted his administrative remedies. Failure to respond within this time will result in dismissal of plaintiff's May 7, 2007 amended complaint without prejudice for failure to exhaust administrative remedies.

19

IX.    Plaintiff's Motion for Judgment as a Matter of Law

Plaintiff filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a)(2). However, plaintiff actually is requesting an entry of default pursuant to Federal Rule of Civil Procedure Rule 55(a). Accordingly, the court will construe plaintiff's motion for judgment as a matter of law as a motion for entry of default. Plaintiff requests that he be granted an entry of default against defendants because they failed to timely respond to his complaint. Rule 55(a) provides that the Clerk shall enter an order of default against a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . ." as provided by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure Rule12(a)(3) provides that an officer or employee of the United States sued in his official capacity "shall serve an answer to the complaint or cross-claim . . . within 60 days after the United States attorney is served with the pleading asserting the claim." As employees at Butner, defendants are employees of the United States. The summons was executed on April 27, 2007 on defendants Stansberry, Jacobs, Siha, Owens, Shield, Arrington, and Denson. Accordingly, pursuant to Rule 12(a)(3), these defendants had until June 26, 2007 to respond to plaintiff's complaint. The summons was executed on defendant Lappin on May 1, 2007. Accordingly, defendant Lappin had until June 30, 2007 to answer the complaint.

On July 3, 2007, defendants filed a motion to revoke plaintiff's IFP status. Defendants thereafter filed a motion to stay their time to respond to plaintiff's complaint until after the court ruled on their pending motion to revoke plaintiff's IFP status. The court ruled upon defendants' motion to revoke plaintiff's IFP status on October 2, 2007, and granted defendants motion to stay. The court directed that defendants' answer was then due on October 17, 2007. Defendants filed their

motion to dismiss, or in the alternative for summary judgment on October 15, 2007, prior to the court's October 17, 2007 deadline. Therefore, defendants are not in default and plaintiff's motion for judgment as a matter of law is DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 35) and motion to stay discovery (DE # 39) are GRANTED. Plaintiff's claims against defendants Jacobs, Owens, Shields, and Arrington are dismissed without prejudice to allow him the opportunity to exhaust his administrative remedies. Plaintiff's claims regarding his medication and eyeglasses against defendant Siha are dismissed with prejudice. However, plaintiff's remaining claims against defendant Siha are dismissed without prejudice to allow him to exhaust. Because defendants' motion for summary judgment is granted, plaintiff's motion to compel (DE # 57) and motion for ex parte relief (DE # 58) are DENIED. Plaintiff's September 28, 2007 motion to amend (DE # 33) is GRANTED with respect to plaintiff's amended claims against defendants Mishler and Kilpatrick. However, the motion is DENIED with respect to the remaining claims and parties. Plaintiff's motion for reconsideration (DE # 54) is GRANTED in part with respect to plaintiff's claims against defendants Stansberry and Denton. However, it is DENIED with respect to plaintiff's FTCA claim. Plaintiff's motion to correct deduction (DE 53) is DENIED as moot. Finally, plaintiff's motion for judgment as a matter of law (DE # 44), February 14, 2008 motion to amend (DE # 47), motion for writ of injunction (DE # 55), and motion for request for transfer (DE # 56) are DENIED. Plaintiff's omnibus motion (DE # 61) is DENIED as moot. The Clerk of Court is DIRECTED to maintain management over plaintiff's claims against defendants Mishler, Kilpatrick, Stansberry, and Denton. The Clerk also is DIRECTED to attach to this order a copy of the check refunding the amount of

21

plaintiff's filing fee overpayment to Jacqueline B. Reaves. Finally, plaintiff is given fifteen (15) days to state whether he exhausted his administrative remedies with regard to his claims against the Terre Haute defendants as set forth in his May 7, 2007 motion to amend. Failure to provide the requested information will result in dismissal without prejudice of the claims plaintiff asserts in his May 7, 2007 amended complaint.

SO ORDERED, this the 19th day of August, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge